IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHELLE LINDNER LOOS, ) | |
| ) | |
| Plaintiff, ) | 4:08CV3241 |
| ) | |
| v. ) | |
| ) | |
| JANET NAPOLITANO, Secretary, ) | **MEMORANDUM** |
| Department of Homeland Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Michelle Lindner Loos brings this action against her former employer, the Secretary of the Department of Homeland Security, alleging discrimination on the basis of disability, breach of contract, and promissory estoppel. Loos purports to bring her discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); the Americans With Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"); and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.* She bases her breach-of-contract claim on the defendant's "handbooks and written materials" that formed an "implied contract of employment" between the defendant and Loos. Finally, Loos alleges a promissory estoppel claim, asserting that the defendant made statements to Loos regarding "employment practices and policies, flex time scheduling, one-on-one training, and other such help in learning to process the required forms," and Loos detrimentally relied upon these statements in performing her job. (Filing 1, Complaint.)

The defendant has filed a motion to dismiss (filing 16) portions of Loos's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), arguing that: (1) to the extent Loos's cause of action for discrimination is based on Title VII and the ADA, such claims should be dismissed because the Rehabilitation Act provides the exclusive

remedy for claims of discrimination based on disability in connection with federal employment; (2) the only discrimination claim that can be considered by this court is Defendant's alleged failure to provide Loos with the reasonable accommodation of training, as all other alleged discriminatory acts have not been administratively exhausted; and (3) Loos's second and third causes of action for breach of contract and promissory estoppel under state law should be dismissed because the Civil Service Reform Act of 1978 ("CSRA") is the plaintiff's exclusive remedy to contest her termination of employment from a federal agency. (Filing 18, Br. Supp. Def.'s Partial Mot. Dismiss at 1-2.)

### *Background*

Loos was hired as an Exams Clerk by the U.S. Citizenship and Immigration Service Center, an agency of the Department of Homeland Security, on March 23, 2003. (Filing 1, Complaint ¶ 10; Filing 17-2, Decl. Randy Frazier ¶ 3.[1]) She was employed as a federal civil service employee, which was a "term" position for more than one year, but less than four years. Loos was subject to a one-year trial (or probationary) period, a fact Loos acknowledged by signing a Trial Period Notification form on March 24, 2003. (Filing 17-2, Decl. Randy Frazier ¶ 4 & CM/ECF p. 5.) Loos's position was governed by various federal statutes and regulations, including those arising under the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.) ("CSRA"). (Filing 17-2, Decl. Randy Frazier ¶ 6.) On March 15, 2004, Loos was given written notification that she was being terminated within her one-year probationary period for failure to meet performance standards and disruption of work due to excessive socializing. (Filing 17-2, Decl. Randy Frazier ¶ 5 & CM/ECF pp. 6-9.)

---

[1] A federal district court has authority to consider matters outside the pleadings when subject-matter jurisdiction is challenged pursuant to Fed. R. Civ. P. 12(b)(1). *Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 637 n.4 (8th Cir. 2003).

*Disability Discrimination Under Title VII, ADA, Rehabilitation Act*

Defendant argues that Plaintiff's Title VII and ADA claims must be dismissed because the Rehabilitation Act provides the sole remedy for discrimination in federal employment. Although Loos's complaint specifically cites Title VII, the ADA, and the Rehabilitation Act as the bases for her discrimination claim, Loos does not argue that she, as a former federal employee, is actually entitled to separately recover under Title VII and the ADA, but only that the Rehabilitation Act incorporates some of the standards of the ADA and Title VII and that "[t]he provisions of the three different Acts [Title VII, ADA, Rehabilitation Act] are so intertwined that dismissing claims under any of their provisions would not have any legal effect." (Filing 23, at 3.)

Loos is correct that the Rehabilitation Act incorporates standards from the ADA and Title VII. *See Lane v. Pena*, 518 U.S. 187, 193 (1996) (Rehabilitation Act provides that remedies, procedures, and rights set forth in Title VII apply to violations of section 501 of the Rehabilitation Act (29 U.S.C. § 791), which prohibits disability discrimination in employment decisions by the federal government); *Ballard v. Rubin*, 284 F.3d 957, 960 n.3 (8th Cir. 2002) (because same basic standards and definitions are used under the ADA and Rehabilitation Act, cases interpreting either act are interchangeable); *Gardner v. Morris*, 752 F.2d 1271, 1278 (8th Cir. 1985) (1978 amendments to the Rehabilitation Act incorporated by reference provisions of Title VII that require claimant to exhaust administrative remedies before filing discrimination claim in court); 42 U.S.C. § 12117(b) (enforcement agencies for employment discrimination claims under the ADA and Rehabilitation Act shall develop procedures to avoid duplication of effort and conflicting or inconsistent standards); 29 U.S.C. §§ 791(g) & 794(d) (standards to be applied in cases alleging employment discrimination under various portions of Rehabilitation Act shall be those in ADA); 29 C.F.R. § 1614.203 (standards to be used to determine violation of Rehabilitation Act, 29 U.S.C. § 791, are those applied under ADA).

Although the Rehabilitation Act incorporates standards of the ADA and Title VII, Loos, as a former federal employee, is not entitled to separately recover under Title VII and the ADA because (1) Title VII does not apply to disability-discrimination claims, and (2) the ADA excludes from its coverage the United States or corporations wholly owned by the United States. 42 U.S.C. § 2000e-2(a) (Title VII makes it unlawful for employer to discriminate against employee based on race, color, religion, sex, or national origin; disability not mentioned); 42 U.S.C. § 12111(5)(B)(i) (defining employers covered by ADA, but excluding United States or corporations wholly owned by United States government). *See also Calero-Cerezo v. United States Dept. of Justice*, 355 F.3d 6, 12 n.1 & 19 (1st Cir. 2004) (because "[t]he Rehabilitation Act, the precursor to the ADA, applies to federal agencies, contractors and recipients of federal financial assistance, while the ADA applies to private employers with over 15 employees and state and local governments," court would address federal employee's ADA and Rehabilitation Act claim of discrimination based on disability under the Rehabilitation Act only; noting that "[t]he elimination of the ADA claim does not . . . affect the legal analysis or the scope of remedy available to the plaintiff"); *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007) (Rehabilitation Act, not the ADA, constitutes exclusive remedy for federal employee alleging disability-based discrimination); *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005) (federal employee had no remedy for employment discrimination under ADA; Rehabilitation Act is "the sole remedy for federal employees claiming disability discrimination"); *Gardner v. Morris*, 752 F.2d 1271, 1278 & n.6 (8th Cir. 1985) (Rehabilitation Act incorporates by reference provisions of Title VII as the exclusive vehicle for judicial remedy of claims of discrimination in federal employment); *St. Hilaire v. Minco Products, Inc.*, 288 F. Supp. 2d 999, 1010 n.18 (D. Minn. 2003) (Title VII does not apply to disability-discrimination claim).

Thus, Loos's sole remedy for disability discrimination in her federal employment is the Rehabilitation Act, and Loos's claims under the ADA and Title VII must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim

4

upon which relief can be granted.

### *Administrative Exhaustion*

The defendant next argues that the only discrimination claim that Loos can pursue under the Rehabilitation Act is the defendant's alleged failure to provide her with the reasonable accommodation of training, as Loos's other claims of discrimination have not been administratively exhausted.

After Loos was terminated from her position on March 15, 2004, she contacted an EEO counselor regarding her termination on March 18, 2004. Notes from that meeting define the "basis" for Loos's claim as "physical [d]isability" and the "issue" as "Terminated from term employment—due to production, and because I talk too much." (Filing 17-3, CM/ECF p. 5.) On March 30, 2004, Loos made a request to mediate her EEO complaint based on a mental disability, claiming that "[t]he Agency failed to recognize her hidden disability and also failed to provide the appropriate training and work environment to achieve success." (Filing 17-3, at CM/ECF p. 6.) Loos's mediation request stated that "other employees were not reprimanded for their socializing" and "[m]y supervisor used disparate treatment of the employees in her unit." (Filing 17-3, at CM/ECF p. 8.) On June 7, 2004, Loos filed a Complaint of Discrimination with the United States Immigration and Customs Enforcement EEO Complaints Program Management Office, alleging that "[i]n consideration of my history of partial complex seizures, I was not properly trained and mentored in order to achieve success." (Filing 17-3, at CM/ECF p. 9.)

On July 8, 2004, the USCIS Office of Equal Employment Opportunity accepted the following issue in Loos's complaint: "On March 15, 2004, you became aware that your term employment as a Clerk in the Exams Unit of the Nebraska Service Center was being terminated." (Filing 17-3, at CM/ECF p. 3 (Aff. Judy S. Maltby, Division Chief, EEO Complaint Program Management, Office of Equal Opportunity

and Inclusion[2]).) An investigation followed. On September 8, 2005, the Administrative Judge issued his decision without hearing, finding in favor of the agency. On September 29, 2006, the agency issued its final decision. On November 3, 2006, Loos appealed the agency's decision to the EEOC's Office of Federal Operations, and on September 3, 2008, the Office of Federal Operations affirmed the agency's decision. (Filing 17-3, at CM/ECF p. 3.)

Loos's complaint in this court alleges that the defendant discriminated against her by "failing to provide reasonable accommodation of training, and by promoting and giving rewards and attention to other employees who are not disabled." (Filing 1, Complaint ¶ 28.) Loos's complaint states that "[d]ue to intense competition in the department between the supervisors for productivity quotas from their exam clerks, Plaintiff feels that she was isolated and set up for failure leading to termination of employment based on her need for additional time and training due to her epilepsy, medication and developmental learning disability." (Filing 1, Complaint ¶15.)

The defendant moves to dismiss (filing 16) Plaintiff's discrimination claim insofar as it relates to the giving of promotions, rewards, and attention to non-disabled employees because Loos failed to exhaust her administrative remedies regarding those particular claims. Defendant asserts that the only claim that should be considered is Loos's claim that her employer failed to reasonably accommodate her by properly training her. (Filing 18, at 7-10; Filing 10, at 8.)

"A plaintiff suing under the Rehabilitation Act must exhaust administrative remedies." *Frye v. Aspin*, 997 F.2d 426, 428 (8th Cir. 1993). *See also Gardner*, 752 F.2d at 1278 (Rehabilitation Act incorporates by reference provisions of Title VII,

---

[2]Ms. Maltby is responsible for the administrative processing of employment discrimination claims filed by federal employees and is the custodian of records related to EEO discrimination claims of employees at the plaintiff's agency. (Filing 17-3, at CM/ECF p. 1.)

6

and Title VII requires that claimant exhaust administrative remedies before filing claim in court); 29 U.S.C. § 794a(a)(1) (language in Rehabilitation Act adopting portion of Title VII, which requires exhaustion of administrative remedies).

The court must "liberally construe an administrative charge for exhaustion of remedies purposes, [but] also recognize that there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." *Cottrill v. MFA, Inc.*, 443 F.3d 629, 635 (8th Cir. 2006) (internal quotations and citations omitted).

> "In determining whether an alleged discriminatory act falls within the scope of a [discrimination] claim, the administrative complaint must be construed liberally 'in order not to frustrate the remedial purposes of [the ADA and the ADEA]' and the plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Nichols [v. American Nat'l Ins. Co.*], 154 F.3d [875], at 886-87 [(8th Cir. 1998)] (citations and internal citation omitted). "Accordingly, the sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988) (citation omitted). Allegations outside the scope of the EEOC charge, however, circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994) (citation omitted).

*Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000). *See also Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) ("A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC.").

"The information contained in an EEOC charge must be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim, but it need not specifically articulate the precise claim or set forth all the evidence an employee may choose to later present in court." *Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1123 (8th Cir. 2006). However, a plaintiff "may not make a conclusory statement of . . . discrimination in the [administrative] charge and then file suit on whatever facts or legal theory she may later decide upon." *Faibisch v. University of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002).

The claim Loos pursued in the administrative process was that, due to Defendant's failure to accommodate her medical and learning disabilities through proper training, she was isolated and set up for failure, leading to the termination of her employment. In this court, Loos has continued to pursue this claim—that is, alleged discrimination based on disability "[b]y failing to provide reasonable accommodation of training," which led to her termination. (Filing 1, Complaint ¶ 28.) However, Loos has also alleged—albeit in a conclusory fashion—that Defendant discriminated against her "by promoting . . . other employees who are not disabled."[3] (*Id.*)

Loos's termination and the defendant's alleged failure to promote her would have been separate and completed discriminatory acts at the time they occurred.

---

[3]Loos also alleges that the defendant gave "rewards and attention to other employees who are not disabled." When read in conjunction with the factual allegations in Loos's complaint, this claim is simply a restatement of her failure-to-accommodate (train) claim, and will not be treated as a separate claim. (See Filing 1, Complaint ¶¶ 18, 20-22 (Plaintiff's supervisor prohibited other exam clerks from talking to or helping Plaintiff; Plaintiff received one session of one-on-one training by someone who received a telephone call during training and never returned to complete Loos's training; in an effort to earn a monetary bonus, Plaintiff's supervisor "focus[ed] on the most productive exam clerks and . . . ignore[d] the requests and needs of the Plaintiff due to her disability").)

8

*Parisi v. Boeing Co.*, 400 F.3d 583, 586 (8th Cir. 2005). "'Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice.'" *Id.* (quoting *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-15 (2002) (internal quotation marks omitted)).

Because a refusal to promote would have been a discrete employment action, Loos should have specifically identified it at the administrative level. She did not. "[I]t is not reasonable to expect the EEOC to look for and investigate such adverse employment actions if they are nowhere mentioned in the administrative charge." *Parisi*, 400 F.3d at 586. Therefore, Loos's claim that the defendant failed to promote her due to her disability is not like or reasonably related to the claim presented in her administrative charge, and this claim shall be dismissed without prejudice for failure to exhaust administrative remedies.

### *State-Law Claims*

The defendant moves to dismiss the plaintiff's second and third causes of action under state law for breach of an "implied contract of employment" and promissory estoppel. The defendant maintains that the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.) ("CSRA"), is Loos's exclusive remedy to challenge the merits of her termination from a federal agency.

"[T]he Civil Service Reform Act of 1984 provides a comprehensive scheme for review of federal personnel actions." *Swartz v. I.R.S.*, 884 F.2d 1128, 1129 (8th Cir. 1989). *See also Gergick v. Austin*, 997 F.2d 1237, 1239 (8th Cir. 1993) (civil service laws provide exclusive remedy for wrongful discharge from government employ) (citing *Premachandra v. United States*, 739 F.2d 392, 394 (8th Cir. 1984)). The CSRA

9

"prescribes in great detail the protections and remedies applicable to [personnel actions against federal employees], including the availability of administrative and judicial review." *United States v. Fausto*, 484 U.S. 439, 443 (1988). Therefore, the CSRA's comprehensive and "exclusive remedial regime . . . may neither be supplemented nor replaced by other remedies." *Gergick*, 997 F.2d at 1239.

> [T]he civil service laws carefully prescribe how, when, and by whom the propriety of certain federal termination decisions will be reviewed. Had Congress intended for such decisions to be reviewable in district courts . . ., it would not have so precisely defined the civil service remedy.
>
> . . . We think . . . that in enacting the civil service laws, Congress addressed the problem of wrongful termination decisions, and determined which consequential harms ought to be recompensed.

*Premachandra*, 739 F.2d at 394.

Many courts have held that the CSRA preempts state-law claims challenging federal personnel decisions. *Roth v. United States*, 952 F.2d 611, 614 (1st Cir. 1991) (federal employee's state-law defamation claim preempted by CSRA); *Berrios v. Department of the Army*, 884 F.2d 28 (1st Cir. 1989) (in light of "congressional policy to unify challenges to federal personnel decisions," CSRA preempted federal employee's state-law defamation claims stemming from discharge proceedings); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (CSRA preempted federal employee's state-law claims in order "to prevent them from conflicting with the remedial system that Congress prescribed for federal employees. Even where the CSRA provided [the plaintiff] no remedy, preemption of his work-related tort claims is necessary to fulfill congressional intent"); *Davis v. United States*, 820 F.2d 1038, 1043 (9th Cir. 1987) (state common-law claim for emotional distress allegedly caused by federal employee's superiors was preempted by CSRA, with no alternative remedy available); *Broughton v. Courtney*, 861 F.2d 639 (11th Cir. 1988) (state-law tort claims

of demoted federal employee preempted by CSRA when challenged personnel actions were within the scope of the CSRA's coverage). *See also* Bell v. Laborde, 204 Fed. Appx. 344, 345, 2006 WL 2930169, at *1 (5th Cir. Oct. 13, 2006) (unpublished) (former federal employee's state-law claims against supervisors precluded by CSRA; noting that the "courts will not provide additional remedies when Congress has already established what it considers to be sufficient remedial procedures"); Burl v. Principi, 181 Fed. Appx. 760, 2006 WL 1208038 (11th Cir. May 3, 2006) (unpublished) (state-law tort claims brought by federal employee against supervisor because of personnel decision preempted by CSRA; fact that CSRA did not provide remedy for plaintiff's claim irrelevant because court will infer that Congress left no room for state-law remedies); 6 Employment Discrimination Coordinator § 3.31 (2009), *available at* EDC ANAREL § 3:31 (Westlaw Database) (CSRA preempts actions complaining of activities prohibited by the CSRA, including a federal worker's claims for breach of contract and interference with economic advantage). *See e.g.,* Coatney v. United States Citizenship & Immigration, 2008 WL 650320, at *6 (D. Neb. Mar. 5, 2008) (Kopf, J.) (federal district court did not have Little Tucker Act[4] jurisdiction over breach-of-contract claim related to termination from federal job; rather, "when a federal employee in the competitive service reaches a settlement agreement over an employment dispute, the CSRA provides the exclusive remedy for enforcement of that settlement agreement").

Thus, Loos's second and third causes of action, brought under state law, are precluded by the CSRA, as that Act is the comprehensive and exclusive means by which a federal employee may challenge personnel decisions that come within the scope of the Act, and this court cannot provide alternative remedies beyond what Congress has found sufficient to include in the CSRA.

---

[4] 28 U.S.C. § 1346(a)(2) (granting district courts original jurisdiction over civil actions not exceeding $10,000 against the United States founded upon any express or implied contract).

11

Because Loos was on probationary status then she was terminated from her job with the federal government, she may argue that because the CSRA does not provide probationary employees with the same remedies and protections given to other employees, she is entitled to bring claims challenging the merits of her termination under state law. *See* 5 U.S.C. § 4303(f)(2) (procedures for removing employee for unacceptable performance under Chapter 43 of CSRA do not apply to employee who is serving probationary period under initial federal appointment); 5 U.S.C. § 7511(a)(1)(A) (expressly excluding probationary employees from Chapter 75 of CSRA); S. Rep. No. 95-969, at 45, U.S. Code Cong. & Admin. News 1978, p. 2767 ("It is inappropriate to restrict an agency's authority to separate an employee who does not perform acceptably during [the probationary period]"); *Swartz v. I.R.S.*, 884 F.2d 1128, 1129 (8th Cir. 1989) (affirming district court's decision that it did not have jurisdiction to review IRS's decision to fire federal employee during probationary employment period, as probationary employees have limited rights of appeal to the Merit Systems Protection Board under the CSRA); *Swartz v. I.R.S.*, 702 F. Supp. 780, 781 (W.D. Mo. 1988) (court was without subject-matter jurisdiction to review IRS's decision to fire federal employee during probationary period because Congress "sharply limited access to judicial review" of adverse personnel decisions with enactment of CSRA; under CSRA, judicial review available only in Federal Circuit Court of Appeals for actions appealable to Merit Systems Protection Board which result in final order; probationary employees can only appeal to Board when termination motivated by partisan political reasons or marital status under 5 C.F.R. § 315.806(b), and neither of those grounds were present).

However, and as noted in many of the cases cited above, the fact that a federal employee does not have a remedy under the CSRA because the employee is specifically excluded or excepted from the Act does not mean that the employee may pursue remedies outside the CSRA; rather, such exclusion or exception simply means that Congress has chosen to give those excepted employees "less employment protection." *Fausto*, 484 U.S. at 450 n.4 & 448 ("It seems to us evident that the

absence of provision for these employees to obtain judicial review is not an uninformative consequence of the limited scope of the statute, but rather manifestation of a considered congressional judgment that they should not have statutory entitlement to review for adverse action of the type governed by Chapter 75 [of the CSRA]."). Therefore, although Loos was a probationary federal employee excepted from some of the protections of the CSRA, the CSRA remains the exclusive means by which she may challenge the merits of the defendant's employment decision.

In any event, it is undisputed that Loos's employment with the federal government was by "appointment." (Filing 17-2, at CM/ECF p. 4, Statement of Understanding for Term Appointment signed by Loos.) When federal employment is by "appointment," a breach-of-contract action against the government is precluded. *Troutman v. United States*, 51 Fed. Cl. 527, 533-35 (2002) (citing numerous cases stating that when federal employment is by appointment, entitlements are governed solely by applicable statutes and regulations, which do not give rise to an implied contract, and that the rights of civilian public employees against the federal government do not turn on contract doctrine).

> "Federal officials who by act or word generate expectations in the persons they employ, and then disappoint them, do not *ipso facto* create a contract liability running from the Federal Government to the employee, as they might if the employer were not the government." [*Shaw v. United States*, 226 Ct. Cl. 240, 251, 640 F.2d 1254 (1981); *see also Zucker v. United States*, 758 F.2d 637, 640 (Fed. Cir.1985)]. Thus, if the plaintiff was employed by virtue of an appointment, rather than by virtue of an employment contract, this Court lacks jurisdiction under the Tucker Act[5] to hear plaintiff's claim for breach of contract.

---

[5]The Tucker Act grants the United States Court of Federal Claims jurisdiction to render judgment upon claims against the United States based upon any express or implied contract with the United States. 28 U.S.C. § 1491(a)(1).

13

*Id.* at 533 (quoting *Boston v. United States*, 43 Fed. Cl. 220, 225-26 (1999)) (brackets in original). Accordingly, Loos's contract claim alternatively may be dismissed because, as an "appointed" employee, she did not have an express or implied contract with the federal government.

IT IS ORDERED:

1. Defendant's motion to dismiss (filing 16) is granted as to Plaintiff's disability-discrimination claims asserted under Title VII and the Americans with Disabilities Act, and such claims are dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Hence, Plaintiff's first cause of action is one for disability discrimination (failure to provide the reasonable accommodation of training) under the Rehabilitation Act only.

2. Defendant's motion to dismiss (filing 16) Loos's claim that the defendant failed to promote her due to her disability is dismissed without prejudice for failure to exhaust administrative remedies.

3. Defendant's motion to dismiss (filing 16) is granted as to Plaintiff's second (breach of contract) and third (promissory estoppel) causes of action, brought pursuant to state law, for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

DATED this 21st day of October, 2009.

BY THE COURT:
*Richard G. Kopf*
United States District Judge